IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. MJG-02-CV-3192 |
| PAUL HALL CENTER FOR MARITIME TRAINING AND EDUCATION, et al. | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER OF DEFENDANT PAUL HALL CENTER

Defendant Paul Hall Center for Maritime Training and Education (the "Center"), by its undersigned counsel, hereby answers the allegations contained in plaintiff's complaint as follows:

The complaint's opening paragraph is a recital of the nature of the action, which requires no response. To the extent any response might be deemed to be necessary, the Center admits that the EEOC purports to sue and allege as stated but denies that suit is proper or that that the Center has engaged in any wrongdoing or is subject to liability of any sort.

1.   The Center admits that EEOC purports to invoke jurisdiction under the provisions listed and to institute the action pursuant to Section 7(b) of the ADEA but denies that suit is authorized.

2.   The Center admits that it conducts apprenticeship operations within the jurisdiction of the United States District Court for the District of Maryland but denies that the complaint addresses "employment" practices in the statutory sense or that any unlawful conduct has occurred.

3.  The Center admits that EEOC is the agency charged with the administration, interpretation and enforcement of the ADEA, and that it is authorized to bring ADEA actions, but denies that this action is specifically authorized under the ADEA.

4.  The Center admits that it engages in, and has engaged in, apprenticeship training in the City of Piney Point since at least May 8, 1996, and has at least 20 staff employees for administering or facilitating such training. The Center denies that it is otherwise engaged in employment or is an employer.

5.  The Center admits that it engages in, and has engaged in, apprenticeship training since May 8, 1996, and has at least 20 staff employees for administering and facilitating such training. The Center denies that it is otherwise engaged in employment or is an employer.

6.  The Center admits that since May 8, 1996, the union has been a labor organization engaged in negotiations and has maintained some arrangements with employers concerning terms and conditions of employment and has continuously had at least 25 members, but denies that the union has continuously maintained a hiring hall or hiring office as alleged.

7.  The Center admits that since May 8, 1996, the union has continuously been a labor organization engaged in an industry affecting commerce.

8.  The Center admits that some discussion of possible resolution of the parties' dispute was engaged in but denies that there was adequate conciliation, conference and persuasion or that there have been any unlawful employment practices or any non-compliance with the ADEA.

9.  The Center denies the allegations of paragraph 9.

10. The Center denies the allegations of paragraph 10.

11. The Center denies the allegations of paragraph 11.

12. The Center denies the allegations of paragraph 12 and that any unlawful employment practice has occurred.

Any allegation not admitted herein is denied. The Center also denies that the Commission is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Claimants whom the EEOC purports to represent have been provided with offers of opportunities that EEOC seeks to obtain herein.

### THIRD DEFENSE

Plaintiff has failed to satisfy pre-conditions for suing and sufficiently to engage in conciliation.

### FOURTH DEFENSE

On information and belief, the Center avers that claimants whom the EEOC purports to represent have failed to mitigate their damages.

### FIFTH DEFENSE

On information and belief, the Center avers that claims asserted and/or relief sought by the Commission are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Claimants whom EEOC purports to represent have failed to exhaust administrative remedies.

WHEREFORE, the Center prays:

      A.      That plaintiff and the claimants it purports to represent take nothing by this action;

      B.      That plaintiff's complaint be dismissed with prejudice in its entirety;

      C.      That the Center be awarded its costs of suit and attorneys' fees; and

      D.      That the Center be granted such other and further relief as this Court deems just and proper.

      Respectfully submitted,

/s/ Anthony W. Kraus
Kathleen Pontone (Fed. Bar No. 1225)
Anthony W. Kraus (Fed. Bar No. 2351)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant,
Paul Hall Center for Maritime Training
and Education

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2003, a copy of the foregoing Answer of Defendant Paul Hall was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Anthony W. Kraus_____
Kathleen Pontone (Fed. Bar No. 1225)
Anthony W. Kraus (Fed. Bar No. 2351)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant,
Paul Hall Center for Maritime Training
and Education