IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>PAUL HALL CENTER FOR MARITIME TRAINING AND EDUCATION, et al.<br><br>Defendants | Civil Action No.: MJG-02-3192 |

**DEFENDANT SEAFARERS INTERNATIONAL UNION'S
ANSWER TO COMPLAINT**

Defendant, Seafarers International Union ("SIU"), by and through its undersigned counsel, submits the following Answer in response to the Complaint filed by Plaintiff, Equal Employment Opportunity Commission ("Plaintiff") on purportedly on behalf of Steve Rappolee ("Charging Party"), those individuals named in Exhibit A to Plaintiff's Complaint, and other allegedly aggrieved individuals at least age 40.

The first paragraph of the Complaint is a recital of the nature of this action to which no response is required. To the extent a response might be deemed necessary, SIU admits that Plaintiff purports to sue and allege as stated but denies that suit is proper or that SIU has engage din any wrong doing or is subject to any liability.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred because all of the challenged actions were the result of legitimate and non-discriminatory reasons.

**THIRD DEFENSE**

Plaintiff is not entitled, on the law or facts, to the damages claimed.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are not actionable because they are beyond the scope of the administrative charge of discrimination.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the failure of Charging Party and the other individuals purportedly represented in this Action by Plaintiff to mitigate their damages.

**SEVENTH DEFENSE**

SIU's actions were taken in good faith, without malice and without intent such that the relief sought is not available.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims are not actionable because the acts complained of do not constitute actionable discrimination based on age or any other statutorily prohibited grounds.

**NINTH DEFENSE**

Some or all of Plaintiff's claims are barred because Charging Party and the other individuals purportedly represented in this Action by Plaintiff unreasonably failed to take

advantage of any preventive or corrective opportunities provided by SIU or to avoid harm otherwise.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the failure of Charging Party and the other individuals purportedly represented by Plaintiff to exhaust administrative procedures and satisfy all prerequisites to suit.

## ELEVENTH DEFENSE

SIU denies any allegation not specifically admitted herein.

## TWELFTH DEFENSE

Charging Party and the other individuals purportedly represented in this Action by Plaintiff have been provided with offers of opportunities that Plaintiff's complaint seeks to obtain.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred on the grounds of a lack of subject matter and/or personal jurisdiction.

## FOURTEENTH DEFENSE

Plaintiff has failed to satisfy pre-conditions for suing and sufficiently to engage in conciliation.

## FIFTEENTH DEFENSE

Subject to, and without waiving, the foregoing defenses, SIU further responds to the specific allegations contained in the numbered paragraphs of the Complaint:

1. Paragraph 1 contains a statement of jurisdictional basis and is not an averment of fact to which a response is required by the Federal Rules of Civil Procedure. To the extent a response is required, SIU denies that this suit is authorized by the ADEA.

2. Paragraph 2 contains a statement of jurisdictional basis and is not an averment of fact to which a response is required by the Federal Rules of Civil Procedure.

3. SIU admits that Plaintiff is the agency charged with the administration, interpretation and enforcement of the ADEA, and that it is authorized to bring ADEA actions, but SIU denies that this action is specifically authorized under the ADEA.

4. SIU is without knowledge or information to admit or deny the allegation contained in paragraph 4 of the Complaint.

5. SIU is without knowledge or information to admit or deny the allegation contained in paragraph 5 of the Complaint.

6. SIU admits the allegations in paragraph 6 of the Complaint.

7. SIU admits the allegations in paragraph 7 of the Complaint.

8. SIU admits that some discussion of possible resolution of the instant dispute took place but denies there was adequate conciliation, conference and persuasion or that it has engaged in any unlawful employment practices or any non-compliance with the ADEA.

9. SIU is without knowledge or information to admit or deny the allegation contained in paragraph 9 of the Complaint.

10. SIU denies the allegations contained in paragraph 10 of the Complaint.

11. SIU denies the allegations contained in paragraph 11 of the Complaint.

12. SIU denies the allegations contained in paragraph 12 of the Complaint.

SIU denies that Plaintiff is entitled to the relief requested in subsections A, B, C, D, E, F, G, H, I, J in the "Prayer for Relief" section following paragraph 12 of the Complaint or to any relief.

WHEREFORE, having fully answered the Complaint, SIU respectfully requests that this matter be dismissed with prejudice and that SIU be awarded its costs, including attorneys' fees, incurred in defending this matter.

Respectfully submitted,

____/s/_____
Theresa M. Connolly
Bar No. 023780
PIPER RUDNICK LLP
1775 Whiele Avenue
Reston, Virginia 20190
703-773-4000

Paul A. Mallos
Bar No. 025528
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000

Counsel for Defendant,
Seafarers International Union

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May, 2003, a copy of Seafarers International Union's Answer to Complaint was filed electronically. Accordingly, notice of this filing will be sent automatically by the Court's filing system to counsel of record.

                                                  /s/
                                          Paul A. Mallos