```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

EQUAL EMPLOYMENT OPPORTUNITY          \*
COMMISSION
                                                \*
        Plaintiff
                                                \*
    vs.                       CIVIL ACTION NO. MJG-02-3192
                                                \*
PAUL HALL CENTER FOR MARITIME
TRAINING AND EDUCATION, et al.        \*

        Defendants          \*

\*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER

In accordance with the proceedings held in this matter on this date:

    1.   There is no current deadline for the filing of any motion for certification of an interlocutory appeal.

        a.   Under present circumstances, no such motion should be filed unless and until Defendants obtain summary judgment establishing that the Program is a bona fide apprenticeship program under EEOC guidelines.

        b.   Under present circumstances, the Court will not stay proceedings pending any such interlocutory appeal.

        c.   Pertinent changes in circumstances could include, for example a significant body of decisions holding in Defendants' favor on the EEOC interpretation issue.

    2.   The parties should explore promptly the possibility of a stay of the instant proceedings with regard to the question of whether the Union is properly a party Defendant.  In this regard

        the parties should consider the possibility that:

    a.    The Union would agree to an Order effectively, albeit without determination of liability, granting such injunctive relief as Plaintiff may be seeking.

    b.    The Union would agree to guarantee the payment of any judgment finally obtained against the School.

3. Factual discovery shall be completed by February 16, 2004.

4. Expert discovery, except as the parties may otherwise agree, shall be deferred pending further Order.

5. The Court will be receptive to any request for a conference regarding case management at any time.

6. Plaintiff shall arrange a case status conference which can be held by telephone during the month of November, 2003.

7. Any summary judgment motions shall be filed by March 15, 2004.

8. The Court does not foreclose the filing of summary judgment motions prior to the deadline but strongly suggests that the parties limit such filings to discrete matters as to which there is a strong likelihood that there are no factual issues and no open discovery possibilities.

SO ORDERED, on <u>Thursday, 15 May, 2003</u>.

                                              / s /
                                 Marvin J. Garbis
                      United States District Judge