# MILES & STOCKBRIDGE P.C.

June 4, 2003

VIA HAND DELIVERY

Honorable Marvin J. Garbis
United States District Court
    for the District of Maryland
United States Court House
101 W. Lombard Street
Baltimore, MD 21201

Re:   EEOC v. Paul Hall Center for Maritime Training and Education et al.,
      Civil Action No. MJG-02-03192

Dear Judge Garbis:

In the wake of parties' telephone scheduling conference with you on Thursday, May 15, 2003, we have received and had a chance to review the Court's recent scheduling order in this case. Regretfully, defense counsel are finding ourselves confused by the order's treatment of the issue of a possible interlocutory appeal; and as a result, I am writing on behalf of the Paul Hall Center respectfully to seek clarification and possible modification. We believe our concerns are best raised by letter, as an intended extension of the Court's conference with counsel, rather than by formal motion at this time, at least until the Court expresses another preference in that regard.

The Court's scheduling order has placed a condition upon the defendants' ability to seek an interlocutory appeal relating to the threshold legal issues in this matter:

> Under present circumstances, no such motion [seeking certification under § 1292(b)] should be filed unless and <u>until</u> Defendants <u>obtain summary judgment establishing that the Program is a bona fide apprenticeship program under EEOC guidelines</u>.

See Order ¶ 1(a)(attached as Exhibit 1; emphasis added). This new condition was not discussed in the scheduling conference, and we would like the opportunity to comment on it.

To begin with, in the description of this new summary-judgment precondition to an appeal, we are concerned that the Court's reference to "EEOC guidelines" on "'bona fide' apprenticeship programs" may reflect a misconception. Currently, there are no "EEOC guidelines" on the subject of "bona fide" programs. As the Court will recall, it

was not until the parties had briefed the issue of the validity of EEOC's current 1996 regulation, purporting to extend the ADEA generally to apprenticeship programs[1], that EEOC filed a sur-reply with a new fallback position first addressing the "bona fides" of the Center's program. The Commission contended that even if its 1996 regulation was incorrect about general applicability of the ADEA to apprenticeship programs, both EEOC and the Department of Labor, in now-revoked regulations[2], had earlier taken the position that the ADEA was inapplicable to apprenticeship programs only insofar as they satisfied other regulations, also now superseded,[3] issued by the DOL's Wage and Hour Administrator. Those regulations defined what was then a "bona fide" apprenticeship program under the Fair Labor Standards Act ("FLSA") based on standards adopted under the National Apprenticeship Act, 29 U.S.C. § 50. Because the regulations in question are legal anachronisms, requiring the Center now to obtain summary judgment under such revoked standards, as a condition for an interlocutory appeal of the issues raised in defendants' motions to dismiss, would appear to involve a misdirection of the parties' energies. Moreoever, the revoked ADEA regulations (Exhibit 3) were merely interpretive before they were revoked and never had the force of law.

Second, if the Court's concern relates to the current status of the Center's program as being technically "bona fide" under current federal apprenticeship regulations, the Center has recently registered its program and had it fully approved for all purposes by the Office of Apprenticeship and Training of the United States Department of Labor. (See Exhibit 5, hereto.) Accordingly, the Center believes it is in a position promptly to move for summary judgment, and eliminate any issue regarding its present full compliance with all relevant apprenticeship regulations, if that is the impediment the Court is envisioning to interlocutory appeal of the underlying legal issues raised in the defendants' motions to dismiss. While such registration is not a requirement for operating an apprenticeship program, the Center has been willing voluntarily to undergo it at the request of the Department of Labor.

If the Court's concern relates to the program's historic status as "bona fide" under current or past regulations, requiring defendants to win summary judgment on the issue of "bona fide" status may present more complicated questions about de facto or substantial compliance. Before beginning to consider summary judgment from either time perspective, however, defense counsel are having difficulty understanding why such a summary-judgment precondition is being required for a possible interlocutory appeal, that if successful, might well obviate the need for such a summary judgment motion and much other pretrial litigation. From a practical standpoint, the new approach appears to be inefficient and seems to put the cart before the horse.

---

[1] See 29 C.F.R. § 1625.21 (copy attached as Exhibit 2).
[2] See former regulations at 29 C.F.R. 860.106 (DOL) and 29 C.F.R. § 1625.13 (EEOC) (copies attached as Exhibit 3).
[3] See former DOL regulations at 29 C.F.R. § 521.2, 521.3 (e) and 521.5 (copies attached as Exhibit 4).

In addition, from a logical standpoint, the scheduling order's new summary-judgment requirement is inconsistent with the substance of the interlocutory appeal as envisioned by the Court. In its Memorandum and Order of April 30, 2003, the Court denied the defendants' motions to dismiss, which raised threshold issues about the proper scope of the ADEA. Simultaneously, the Court invited a motion for § 1292(b) certification on those issues, including the legal issue of whether the program's "bona fide" status mattered for ADEA purposes:

> The Court notes that there appear to be substantial unresolved legal questions of whether there is an exemption from the ADEA for apprenticeship programs, whether any such exemption would be limited to "bona fide" apprenticeship programs, and the definition of such programs. Thus the Court would consider a motion for certification of such questions for interlocutory appeal under 28 U.S.C. § 1292(b).

Mem. at 12. (Copy attached as Exhibit 6; emphasis added). But by now requiring the defendants to prove through summary judgment that the Center's program is "bona fide," the new scheduling order has effectively obviated the need for an interlocutory appeal on whether "bona fide" status matters as an issue of law, since that legal issue will make no difference once the program's "bona fide" status is proven as a factual matter. In other words, the scheduling order is requiring the defendants factually to moot out the issue of whether "bona fide" status makes any difference for ADEA purposes. The summary judgment requirement thus eliminates the need for interlocutory appeal of one of the very issues that the Court has suggested is worthy of certification once the summary judgment condition is met. In view of this paradoxical effect, we are concerned that the summary-judgment precondition may not really have been what the Court intended in the scheduling order.

Third, there is no general requirement, of course, under 29 U.S.C. § 1292(b) that matters have reached the summary judgment stage, with resolution of an issue favorable to one of the parties, before certification for an interlocutory appeal is permitted. In fact, one of the more common settings in which for § 1292(b) certification to be granted is in connection with the denial of motions to dismiss presenting legal questions potentially dispositive as a threshold matter.[4] Simplifying this particular litigation through such an

---

[4] See, e.g., Smith v. Reagan, 663 F. Supp. 692 (E.D. N.C. 1987) (denying dismissal and certifying threshold issues concerning jurisdiction over political questions, private right of action under Hostage Act, and ability to dismiss without further factual development); accepting appeal and reversing, 844 F.2d 195 (4th Cir. 1988); In re American Honda Motor Co. Inc., Dealerships Relations Litigation, 958 F. Supp. 1045 (D. Md. 1997) (denying dismissal and certifying threshold issues under RICO Act); cf. In Re Travelstaed, 250 B.R. 862 (D. Md. 2000) (accepting appeal of denial of motion to dismiss raising question of "related to" jurisdiction in bankruptcy). See also Giardiello v. Balboa Ins. Co., 661 F. Supp 644 (S.D. Fla. 1985) (denying dismissal and certifying issue of whether surety was a statutory "employer" under ERISA); accepting appeal and affirming, 837 F.2d 1566 (5th Cir. 1998); Romea v. Heiberger & Associates, 988 F. Supp. 715 (S.D. N.Y. 1998) (denying dismissal and certifying threshold questions of whether rent obligation was a "debt" under the Fair Debt Collection Practices Act and whether eviction proceedings

interlocutory appeal would be especially useful because of the unusual time commitments the case is likely to require. During the scheduling conference, EEOC estimated that the class-based claims it seeks to bring will involve both unified proceedings as to some liability questions and over forty subsequent "mini-trials" on injury and damage issues.

If the Court is concerned that factual issues about the apprenticeship program's historical "bona fide" status now make the case inappropriate for interlocutory appeal, we believe that this concern is unwarranted. Based on the record before the Court in connection with the defendants' motions to dismiss, there was no disputed issue of fact concerning the non-registered status of the Center's program or the program's consequent inability to satisfy that aspect of the regulations concerning "bona fide" programs that EEOC has attempted to invoke. Rather, there was an issue of law about whether or not such "bona fide" status matters for ADEA purposes, which was ripe for a determination one way or the other, and we believe, would be ripe for interlocutory appeal thereafter. In all events, whatever, if any, supplementation of the record might facilitate interlocutory appeal would appear to be achievable through measures short of requiring defendants to <u>win</u> summary judgment on the "bona fide" program issue.

In conclusion, we respectfully urge the Court to revisit the issue of whether or not this case might be expedited by an interlocutory appeal and how the Court might best facilitate and "tee up" that result, as Your Honor mentioned during the scheduling conference. We believe that the summary judgment condition is counterproductive and likely unnecessarily either to long delay, or possibly to preclude altogether, an efficient, expedited resolution of the legal issues at the heart of the case.

Thank you for your consideration of this inquiry and response to the scheduling order.

Sincerely,

Kathleen Pontone

cc: Theresa M. Connelly, Esq.
   Maria Salacuse, Esq.
   Paul A. Mallos. Esq.

---

were a "communication" thereunder); <u>accepting</u> <u>appeal</u> <u>and</u> <u>affirming</u>, 163 F.3d 111 (2d Cir. 1998); <u>District 65 Retirement Trust v. Prudential Securities Inc.</u>, 925 F. Supp. 1551 (N.D. Ga. 1996) (denying dismissal and certifying various questions concerning preemption under ERISA and limitations under ERISA and RICO Act).