IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * |
| | * |
| Plaintiff, | |
| | * |
| v. | |
| | * |
| PAUL HALL CENTER FOR MARITIME TRAINING AND EDUCATION | *   Civil Action No. MJG-02-CV-3192 |
| | * |
| and | |
| | * |
| SEAFARERS INT'L UNION | |
| | * |
| Defendants. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO EEOC'S MOTION
TO STRIKE JUNE 4, 2003 LETTER ADDRESSING SCHDEULING ORDER**

Defendant Paul Hall Center ("Center") hereby opposes the EEOC's motion to strike the June 4, 2003 letter of the Center's counsel, addressing the scheduling order of May 15, 2003, and states:

1.  EEOC's contention that the letter "regurgitates issues addressed ad nauseum" is inaccurate. The letter addresses the Scheduling Order's imposition of a _new_ condition on the motion for interlocutory appeal certification invited in the Court's Memorandum and Order of April 30, 2003, _viz.,_ now defendants must first obtain summary judgment on the issue of the

Center apprenticeship program's compliance with "EEOC guidelines" on "bona fide" apprenticeship programs before certification for interlocutory appeal.

2.	EEOC's insistence that "case development" and "discovery" have been permitted by the Court is irrelevant.  The Center's letter does not address or mention either subject; and they have no bearing on the points raised in the letter.

3.	EEOC's contention that there is no dispute concerning the non-"bona fide" status historically of the Center's apprenticeship program is erroneous, but the error is beside the point. Either way, there is currently a clear issue of law, ripe for decision and appeal, on the applicability and validity of "bona fide" apprenticeship program regulations in connection with the ADEA; and EEOC's contention about the absence of factual dispute could only make an appeal that much simpler.

4.	Local Rule 102(2)(b), concerning the form of motions, has no application to correspondence from counsel on scheduling, which has been historically permitted by the Court and if precluded, would needlessly burden procedure before the Court and impair efficiency.   In response to EEOC's objection concerning e-filing, the letter has been e-filed.

By:  /s/ Anthony W. Kraus
Kathleen Pontone (Bar No. 1225)
Anthony W. Kraus (Bar No. 2351)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Counsel for Defendant,
Paul Hall Center

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2003, a copy of the foregoing Defendant's Memorandum in Opposition to EEOC's Motion to Strike June 4, 2003 Letter Addressing Scheduling Order was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  Anthony W. Kraus
Kathleen Pontone (Bar No. 1225)
Anthony W. Kraus (Bar No. 2351)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Counsel for Defendant,
Paul Hall Center for Maritime
Training and Education