```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY        *
COMMISSION
                                    *
          Plaintiff
                                    *
     vs.                              CIVIL ACTION NO. MJG-02-3192
                                    *
PAUL HALL CENTER FOR MARITIME
TRAINING AND EDUCATION, et al.      *

          Defendants                *

*    *    *    *    *    *    *    *    *
```

CERTIFICATION ORDER PURSUANT TO 28 U.S.C. §1292(b)

The Court's Order of April 30, 2003, as discussed herein, is certified for immediate appeal to the United States Court of Appeals for the Fourth Circuit. The controlling question of law and statement of facts, as set forth herein, are not intended to restrict appellate consideration of the issues presented as the appellate court perceives them in its analysis. The appellate court is free to amend or reformulate the questions to the extent it deems necessary for the proper resolution of this case.

QUESTION PRESENTED

1. Are Apprenticeship programs subject to the prohibitions of Section 4 of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 623?

## SUMMARY

As set forth more fully in the Memorandum and Order issued by this Court on April 30, 2003, Defendant Paul Hall Center for Maritime Training and Education, and, it is alleged, Defendant Seafarers International Union[1], in collaboration with the Seafarers Harry Lundeberg School of Seamanship, operates an apprenticeship program.  Plaintiff Equal Employment Opportunity Commission ("EEOC") claims that applicants ages 40 and above were discouraged from applying and/or denied admission based on their age in violation of §623(a)(c) of the Age Discrimination in Employment Act.

Defendants present a question of first impression in the Fourth Circuit, that is, whether apprenticeship programs are subject to the prohibition of Section 4 of the ADEA.  For reasons set forth in the aforesaid Memorandum and Order, the Court has concluded that it should deny dismissal by virtue of the current state of the law.  However, as noted in this Court's Memorandum and Order of April 30, 2003, the question is difficult and important.

---

[1] The Union denies that it was involved in the operation of the apprenticeship program.

## DISCUSSION

It is the opinion of this Court that the Court's Memorandum and Order of April 30, 2003 involves a controlling question of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the said Order may materially advance the ultimate termination of the litigation.

The issue presented is a question of law, which can be answered on the facts as pleaded by Plaintiff. The question is a controlling question because it is determinative as to whether this case shall be dismissed or shall proceed.

The appellate court should accept this interlocutory appeal to resolve the important issue presented and to enable the district court and the parties to avoid possibly unnecessary further proceedings.

## RECORD SUBMITTED

Without restricting the United States Court of Appeals for the Fourth Circuit from obtaining additional documents from the Clerk, the record on appeal shall include the following:

- Doc. No. 1     Complaint and Exhibits

- Doc. No. 3     Motion with Memorandum in Support by Paul Hall Center to Dismiss Paul Hall Center for Maritime Training and Education

| | |
|---|---|
| Doc. No. 4 | Motion with Memorandum in Support by Seafarers to Dismiss Plaintiff's Complaint and Exhibits 1,2, and 3 |
| Doc. No. 5 | Response by EEOC in Opposition to Motion to Dismiss Plaintiff's Complaint by Seafarers, Motion to Dismiss Paul Hall Center for Maritime Training and Education by Paul Hall Center |
| Doc. No. 7 | Reply by Seafarers to Response to Motion to Dismiss Plaintiff's Complaint by Seafarers and Exhibit 1 |
| Doc. No. 8 | Reply by Paul Hall Center to Response to Motion to Dismiss Paul Hall Center for Maritime Training and Education by Paul Hall Center and Exhibits 1-4 |
| Doc. No. 15 | Surreply by EEOC to Motion to Dismiss Paul Hall Center for Maritime Training and Education by Paul Hall Center |
| Doc. No. 16 | Response by Paul Hall Center to Surreply by EEOC and Exhibits A and B |
| Doc. No. 17 | Memorandum and Order denying Motion of Paul Hall Center to Dismiss, denying Motion of Seafarers International to Dismiss; Directing Plaintiff by 5/16/03 to arrange a conference with the Court. |
| Doc. No. 18 | Answer to Complaint by Paul Hall Center for Maritime Training and Education |
| Doc. No. 19 | Answer to Complaint by Seafarers International Union |
| Doc. No. 20 | Order in accordance with the proceedings held in this matter on this date of 5/15/03 |
| Doc. No. 24 | Correspondence re: Clarification and possible Modification of Scheduling Order and Exhibits 1 to 6 |
| Doc. No. 30 | Order to Stay |

The parties are free to supplement the record on appeal by providing the appellate court with copies of any other pertinent documents that were filed in the instant case.

## DESIGNATION OF PARTIES

Defendants Paul Hall Center for Maritime Training and Education and Seafarers International Union shall be treated as Appellants and Plaintiff Equal Employment Opportunity Commission shall be treated as Appellee in the certification procedure.

## CONCLUSION

For the foregoing reasons, the Court holds:

1. The Court's Order of April 30, 2003 satisfies the requirements of 28 U.S.C. § 1292(b).

2. The said Order is hereby amended to add the following: "This Order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of the litigation."

SO ORDERED, on Friday, 1 August, 2003.

/ s /

Marvin J. Garbis
United States District Judge