FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2003 SEP -8 P 12: 2[?]
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Civil Action No. )  MJG-02-CV-3192 |
| PAUL HALL CENTER FOR MARITIME TRAINING & EDUCATION, et. al., | ) ) ) |
| Defendants. | ) ) |

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Joint Motion for Protective Order, and for good cause shown:

IT IS this _____ day of _____, 2003,

ORDERED, pursuant to Rule 26(c), F.R.Civ.P., that information and documents disclosed by or on behalf of Defendant Paul Hall Center for Maritime Training and Education ("Paul Hall Center"), through discovery in this matter which disclose the personal, financial, criminal and medical background of individuals who applied for admittance and/or were admitted into Paul Hall Center's Unlicensed Apprentice Program, hereafter referenced as "the protected information," shall be produced under the following conditions:

Subject to the exception noted in Paragraph 2 below, Plaintiff shall not disclose any of the protected information to any individual other than such attorneys and employees of Plaintiff as may be reasonably necessary to prosecute this suit. Plaintiff shall take all necessary

1

#34

measures to prevent disclosure of the protected information to outside parties by its attorneys and employees.

2.  Should Plaintiff believe that it is necessary for purposes of preparation for the trial in this matter to disclose any documents produced by Defendant to any person (hereinafter "any person") not specifically listed in Paragraph 1 or should Plaintiff intend to make public through court filing any such documents, Plaintiff shall

    (a)    Inform Defendant's counsel in writing of the documents they propose to disclose and to whom before disclosing any documents

    (b)    Defendant's counsel will inform Plaintiff whether Defendant consents to the proposed disclosure

    (c)    If Defendant does not consent to disclosure, Defendant will immediately seek a protective order to prevent disclosure. Said protective order must be filed with the Court within ten business days of receipt of Defendant of the written notice under paragraph 2(a) above. If said protective order is not filed within this time frame, Plaintiff shall be entitled to proceed using the aforementioned documents Plaintiff shall not disclose any document(s) while the motion for protective order is pending.

3.  Any person, including witnesses, to whom any document(s) are disclosed shall not disclose any of the document(s) or discuss their contents, including their existence, with any person other than the parties to this action or their counsel

4.  Plaintiff shall provide a copy of this Order to any witness to whom documents may be disclosed and will advise any person, including witnesses, in writing of his/her obligation

2

to comply with Paragraph 2(c) above. Plaintiff shall retain all copies of the documents disclosed and will not permit any person, including witnesses, to make or retain copies.

    5.    Plaintiff and its counsel shall make only such copies of the protected information as are necessary for use in this course of this matter. At the conclusion of this matter, Plaintiff agrees to destroy the protected information.

    6.    Either party intending to file with the Court protected information, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or summarize confidential information shall label such information "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" and shall simultaneously file it with a motion to seal in accordance with Local Rule 104.13(c). In accordance with Local Rule 105.11, the confidential material shall be held under temporary seal until the Court makes a ruling on the motion to seal. If the Court determines that the pleading, deposition transcript, exhibit, discovery response or memorandum should be filed under seal, it shall remain under seal until either the Clerk destroys the sealed materials or returns it to counsel, at the end of the litigation.

    7.    The parties agree to submit this Stipulated Protective Order for entry to the Court, and once executed by the parties, to be bound by the terms prior and subsequent to entry by the Court.

AGREED AND CONSENTED BY:

FOR PLAINTIFF:

/s/
Maria Salacuse, Esq.  (Bar No. 15562)
(signed by Kathleen Pontone with permission of Maria Salacuse)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201

FOR DEFENDANTS:

/s/
Kathleen Pontone (Bar No. 1225)
Counsel for Paul Hall Center
MILES & STROCKBRIDGE, PC
10 Light Street Baltimore, Maryland 21202
Baltimore, Maryland 21202

/s/
(signed by Kathleen Pontone with permission of Theresa M. Connolly)
Theresa M. Connolly (Bar No. 023780)
Counsel for Seafarers International Union
PIPER RUDNICK, LLP
1775 Whiele Avenue
Reston, Virginia 20190

IT IS SO ORDERED, this _____ day of _____, 2003.

Marvin J. Garbis
United States District Court Judge

4