IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No. MJG-02-CV-3192 |
| | * | |
| PAUL HALL CENTER FOR MARITIME TRAINING AND EDUCATION et al. | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION BY PAUL HALL CENTER FOR LEAVE TO AMEND ANSWER**

Defendant Paul Hall Center for Maritime Training and Education ("the Center), by its undersigned counsel, hereby moves for an order pursuant to Rule 15(a), Fed. R. Civ. Pro., for leave to amend its answer in this case with additional defenses, and in support of its motion states:

1. The Center first filed an answer in this case on May 12, 2003, after its motion to dismiss was denied by the Court.

2. EEOC immediately filed interrogatories on June 2, 2003, directed toward, among other things, specification of whatever affirmative defenses the Center was raising.

3. In reviewing its defenses and the applicable law, the Center's counsel noted that there was one defense available to it that it had not previously raised in the answer: that age was a "bona fide occupational qualification" for its particular business of apprenticeship training. Counsel also noted that there were other contentions that it either had made in the answer or that were implicit in its denials and that, in an abundance of

caution, should probably be stated as separate defenses. First, while the Center had denied EEOC's allegation that it had acted in bad-faith, counsel now seeks to add a separate defense of "good faith" to avoid any confusion on the point. Second, while the Center had generally denied that the Commission is entitled to any relief, counsel now seeks to add a separate defense of "mootness" with respect to EEOC's claim of injunctive relief, again to avoid any possible contention of oversight. Third, as an additional basis for contending that EEOC is not entitled to relief it seeks, defendant intends to assert that the claimants EEOC is demanding compensation for would, in some cases, have been ineligible for the apprenticeship program for reasons other than age. While the latter three contentions may not actually require statement as separate defenses, the Center seeks to add them in an abundance of caution.

4. In answering EEOC's discovery requests on August 11, 2003, the Center alerted EEOC about these defenses by listing each and explaining their basis.

5. This case is still in a very preliminary stage, with the Center's answer only having been on file for a few months and with EEOC having been given notice of the additional defenses at the very outset of discovery. The non-expert phase of discovery is not scheduled for completion until February, 2004. No date has been set for dispositive motions or for trial.

6. The amendment sought by the Center will cause no prejudice to any other party, will not delay any event prescribed in the scheduling order, and under the liberal policy of amendment underlying Rule 15, should be permitted.

7. Pursuant to Local Rule 103(b)(6), counsel for the Center has sought to obtain the consent of counsel for the other parties. While counsel for co-defendant

Seafarers International Union - Paul A. Mallos, Esq. - stated that he consented to the motion, counsel for plaintiff E.E.O.C. - Marie Salacuse, Esq. - stated that she would oppose amendment.

      8. Also pursuant to Local Rule 103(b)(6), one copy of the proposed amended answer highlighting changes, and one clean copy of the proposed amended answer, are attached hereto.

      Respectfully submitted,

/s/ Anthony W. Kraus
Kathleen Pontone (Fed. Bar No. 1225)
Anthony W. Kraus (Fed. Bar No. 2351)
Christian Levine Simpson (Fed. Bar No. 26964)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant,
Paul Hall Center for Maritime Training
and Education