IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT         *
OPPORTUNITY COMMISSION
                         *
    Plaintiff,
                         *
v.                                    Civil Action No. MJG-02-CV-3192
                         *
PAUL HALL CENTER FOR
MARITIME TRAINING AND    *
EDUCATION et al.
                         *
    Defendants.
*   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM IN SUPPORT OF MOTION BY PAUL HALL CENTER FOR LEAVE TO AMEND ANSWER

Defendant Paul Hall Center for Maritime Training and Education ("the Center), by its undersigned counsel, submits the following memorandum in support of its motion for leave to amend its answer.

This Court's discretion to permit the addition of defenses to the answer is subject to, and governed by, the Federal Rules' liberal policy of freely permitting amendments generally.  See Rule 15(a), F.R.C.P ("leave shall be freely given when justice so requires.")  The Supreme Court has emphasized that non-prejudicial amendment should normally be permitted.  Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15['s] . . . "freely given" . . . mandate is to be heeded.").   See also Medigen of Kentucky Inc. v. Public Service Comm'n of West Virginia, 985 F.2d 164, 167-68 (4th Cir. 1993 ("the federal rules strongly favor granting leave to amend.")(emphasis added).

With specific respect to amending the answer, this Court has stated that leave "should be granted unless the amendment would cause undue prejudice or undue delay to the nonmoving party or was filed with an improper motive or in bad faith." Sutton v. Hollywood Enteratinment Corp., 181 F. Supp. 2d 504, 513 (D. Md. 2002). Consistent with these standards, this Court has freely permitted amendment of the answer even after discovery is closed and the parties have dispositive motions pending. Cornell v. Council of Unit Owners Hawaiian Village Condominium, Inc., 983 F. Supp 640, 643 (D. Md. 1997) (amendment of answer allowed as long as new defense has been raised at "a pragmatically sufficient time," including at summary judgment stage); accord Hogue v. Sam's Club, 114 F. Supp. 2d 389, 391 (D. Md. 2000); aff'd 2002 WL 99144 (4th Cir. 2002).

In this case, the Center is seeking to amend four months after the original answer. Discovery has just begun in the case and is not set to be completed for many months. Discovery concerning experts has been deferred until after February, 2004. No trial date has been set, and there is no deadline for dispositive motions. Unquestionably, the amendments that the Center is seeking have been raised at "a pragmatically sufficient time." Cornell, 983 F. Supp. at 643.

Additionally, in its initial discovery responses on August 11, 2003, the Center has already disclosed to plaintiff EEOC the new defenses and their underlying bases prior to making this motion, so that there has been no loss of time in or opportunity for discovery in all events. Moreover, three of the amendments were implicit in positions taken in the original answer and, rather than involving any new component in the litigation, are being separately pleaded now in an abundance of caution. There is no conceivable ground for

2

claiming prejudice of any kind, much less "undue" prejudice, nor is there the least evidence of an improper motive or bad faith.  Leave to amend therefore is fully warranted and should be granted in accordance with Rule 15's mandate that it be "freely given."

## CONCLUSION

For the reasons stated above, the Center consequently urges that its motion to amend be granted.

Respectfully submitted,

/s/ Anthony W. Kraus
Kathleen Pontone (Fed. Bar No. 1225)
Anthony W. Kraus (Fed. Bar No. 2351)
Christian Levine Simpson (Fed. Bar No. 26964)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of September 2003, a copy of Motion of Defendant Paul Hall Center for Leave to Amend its Answer, memorandum in support thereof, draft amended answer, draft highlighted amended answer, and order was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Anthony W. Kraus
Kathleen Pontone (Fed. Bar No. 1225)
Anthony W. Kraus (Fed. Bar No. 2351)
Christian Levine Simpson (Fed Bar No. 26964)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant,
Paul Hall Center for Maritime Training
and Education