UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PAUL HALL CENTER FOR MARITIME TRAINING & EDUCATION, et. al.<br><br>Defendants. | Civil Action No.<br>MJG-02-CV-3192 |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND ANSWERS TO INTERROGATORIES**

Defendant Paul Hall Center for Maritime Training & Education ("the Center"), by undersigned counsel, hereby submits the following memorandum in support of it Motion to Compel Further Response to Defendant's First Request for Production of Documents and First Set of Interrogatories. The specific discovery requests in issue, responses thereto, and reasons for the insufficiency of those responses are set forth below.

**DOCUMENT REQUESTS AS TO WHICH FURTHER RESPONSE IS SOUGHT**

**REQUEST NO. 7** Any and all documents that EEOC may use as evidence to prove its case or disprove the defenses of the Center or the SIU.

**OBJECTION:** Plaintiff objects to this request on the grounds [sic] that it seeks discovery of information protected by the attorney work product doctrine.

**REASON FOR INSUFFICIENCY**: The protection for work-product plainly does not extend to identification of documents that plaintiff may use to prove its claims, or reasonably expects or intends to introduce into evidence. The requirement to identify "all documents that a party <u>may use</u> to support its claims or defenses" is expressly contained in F.R.C.P. Rule 26(a)(a)(B), and a document request framed in the same language presents no issue of privilege. Moreover, identification of documents a party reasonably expects or intends to introduce into evidence is routinely required under federal procedure both as part of the ongoing discovery in a case and, of course, in the pretrial order and exhibit exchange among counsel. <u>See</u> <u>Martinez v. United States</u>, 1998 U.S. Dist. Lexis 8923 (D. La. 1998)("If the United States knows at present that there are some documents it intends to use it trial, it must identify and/or produce those documents.") <u>See</u> <u>also</u> F.R.C.P. Rule 26 (a)(3)(C) (requiring pretrial identification of documents "a party expects to offer and those which the party may offer if the need arises.")

**REQUEST NO. 10** Any and all documents which reflect, evidence or refer to earnings or other income, including fringe benefits, received from May 8, 1996 to the present by Steve Rappolee or any other person for whom the Commission is seeking backpay or other monetary relief, including but not limited to their federal and state or local income tax returns, W-2 forms, Social Security Administration earnings forms, pay-stubs, pay vouchers, workers' compensation or other disability insurance payments or other compensation payments for lost earnings, or applicable employment contracts or collective bargaining agreements.

**RESPONSE:** To the extent that Defendant seeks the discovery of information prior to the date that Defendant denied employment to each classmember, Plaintiff objects to this request on the grounds that it is irrelevant, overbroad and overly burdensome. Plaintiff also objects to

2

the extent that it seeks the discovery of information such as tax returns which constitutes an unwarranted invasion of personal privacy and is irrelevant. Plaintiff further objects to the extent that this request seeks information pertaining to collateral earnings such as Social Security benefits, workers' compensation, an disability benefits, as such earnings are not offset against Defendant's back pay liability and accordingly are irrelevant and constitute an unwarranted invasion of personal privacy.

Subject to and without waiving these objections, Plaintiff states that it is in the process of gathering relevant documents, such as W-2 forms and payroll stubs, which reflect interim earnings for the time period following each individual's denial of employment by Defendant. Defendant is directed to Exhibit 1 which contains responsive documents thus far collected from identified classmembers. Plaintiff will supplement its response as it obtains additional responsive documents.

**REASON FOR INSUFFICIENCY:** Insofar as EEOC intends to produce only W-2s and pay stubs in lieu of fuller tax return information, its proposed response is inadequate. For purposes of computing any back pay, defendant is entitled to offset all earned income, including any income from self-employment or engagement of class members as independent contractors. Accordingly, EEOC's attempt to limit document production simply to W-2s and pay stubs, as issued in formal, conventional employment relationships, is improper. Defendant is entitled to complete disclosure of the classmembers interim earnings, as reflected on their tax returns.

Additionally, regardless of whether or not collateral earnings through social security, disability payment and workers' compensation are ultimately deductible or not, documents showing such payments can constitute, or lead to the discovery of, evidence of inability to work

during the proposed back pay period, which is highly relevant to the amount of back pay. See, e.g., Flowers v. Komatsu Mining Sys. Inc., 165 F.3d 554, 557 (7th Cir. 1999) (claimant entitled to no backpay during period he was unable to work.) Furthermore, the extent to which collateral earnings can be deducted from back pay has been held to be largely discretionary with the trial court, depending on the circumstances. Id. at 558. Accordingly, discovery pertaining to such earnings should proceed, with any ultimate decision concerning the propriety of any offset to await judicial decision at trial, depending on the circumstances revealed by such discovery.

**INTERROGATORIES AS TO WHICH FURTHER ANSWER IS SOUGHT**

**INTERROGATORY NO. 6**   For each claimant on behalf of whom EEOC is seeking monetary relief in this case, describe in detail the employment history of each from May 8, 1996 to the present, including each employer worked for, the time period worked for that employer, the position held, the wages and compensation received.

**ANSWER**:   To the extent that Defendant seeks the discovery of information prior to the date that each classmember was denied employment by Defendant, Plaintiff objects to this interrogatory on the grounds that it is irrelevant, overbroad and overly burdensome. The employment history of each individual prior to their application for employment with Defendant has no value since the hiring of an individual into the apprentice program is not dependent upon prior employment history. It is undisputed that Defendant hired individuals into the apprenticeship program with no prior employment history whatsoever.

**REASON FOR INSUFFICIENCY:** Employment histories of claimants in employment discrimination cases are routinely discoverable for the period <u>prior</u> to the actual back-pay or damges period and are not properly restricted merely to the period during which relief is sought.

Even if the particular work history exceeds that necessary for computing back pay, the request for such information is reasonably calculated to lead to the discovery of relevant evidence. Among other things, the work history of the claimant can show (1) sources of information about claimants' work performance that is or can be relevant to predicting what the claimant's likelihood of success would have been in completing training with the defendant and retaining employment with shippers; (2) problems with holding jobs over time that can be relevant to predicting what the claimant's likelihood of success would have been in completing training with the defendant and retaining employment with shippers, (3) skills that the claimant could have brought to bear for purposes of mitigating damages, (4) work history at levels of compensation making it unlikely that the claimant would have followed through on any application or attendance at the Center's school and or commitment to the demanding and irregularly - scheduled work life of a seafarer; (5) confirmation of the accuracy of disclosures made by classmembers on their applications to the apprenticeship program; and (6) general background.

## CONCLUSION

For the reasons stated above, defendant contends that its motion to compel should be granted.

Respectfully submitted,

_____/s/_____
Kathleen Pontone (Bar No. 1225)
Anthony W. Kraus (Bar No. 2351)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Counsel for Defendant
Paul Hall Center

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Compel Further Response to Request for Production of Documents and Answers to Interrogatories, and memorandum in support thereof, was mailed first-class, postage prepaid, this 28th day of February, 2005 to:

Maria Salacuse, Esq.
Equal Employment Opportunity Commission
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201

Theresa M. Connolly, Esq.
Piper Rudnick Gray Cary
1775 Wiehle Avenue, Suite 400
Reston, VA 20190-5159

Paul A. Mallos, Esq.
Piper Rudnik Gray Cary
6225 Smith Avenue
Baltimore, MD 21209

_____/s/_____
Anthony W. Kraus