UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 14, 2005

Maria Salacuse, Esquire
Debra M. Lawrence, Esquire
Gerald S. Kiel, Esquire
Gwendolyn Young Reams
Maria Luisa Morocco, Esquire
Equal Employment Opportunity Commission
City Crescent Building
10 S. Howard Street, Third Floor
Baltimore, Maryland 21201

Paul A. Mallos, Esquire
Piper Rudnick Gray Cary
6225 Smith Avenue
Baltimore, Maryland 21209

Kathleen Pontone, Esquire
Anthony W. Kraus, Esquire
Christian Levine Simpson, Esquire
Miles & Stockbridge PC
10 Light Street
Baltimore, Maryland 21202

Theresa M. Connolly, Esquire
Piper Rudnick Gray Cary
1775 Wiehle Avenue, Suite 400
Reston, VA 20190

Subject: EEOC v. Paul Hall Center for Maritime Training & Education, et al.
Civil No. MJG-02-3192

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Monday, April 4, 2005 at 10:00 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland). **If any of you have a conflict with this date, you should submit a letter to my chambers requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties**.

It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is not sufficient. See Local Rule 607.3. **Please also be advised that the conference may take the entire day.**

No later than **Friday, March 25, 2005**, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

Letter to Counsel - EEOC v. Paul Hall Center for Maritime Training & Education, et al.
<u>        Civil No. MJG-02-3192        </u>
March 14, 2005
Page Two


3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge


cc:     Court file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

U.S. District Court (Rev. 9/2001)