FILED
U.S. DISTRICT COURT
DISTRICT OF MARYL

'05 NOV 14  P 4:14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT                          *
OPPORTUNITY COMMISSION
                                          *
        Plaintiff,
                                          *
v.                                                    Civil Action No. MJG-02-CV-3192
                                          *
PAUL HALL CENTER FOR
MARITIME TRAINING AND                     *
EDUCATION et al.
                                          *
        Defendants.
*      *      *      *      *      *      *      *      *      *      *      *      *

CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity

Commission (the "EEOC" or the "Commission"), against Defendants Paul Hall Center for

Maritime Training and Education ("the Center") and Seafarers International Union ("the

Union"), alleging that "Defendants have discouraged individuals at least 40 years of age from

applying for admission and refused to admit individuals at least 40 years of age into their

unlicensed apprenticeship program" because of such individuals' age, and have thereby violated

the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"). The complaint

sought relief on behalf of: (a) Steve Rappolee: (b) the 43 other persons listed on Exhibit A to the

complaint: and (c) other aggrieved individuals at least age 40 who were discouraged from

applying and or refused admission into Defendants' unlicensed apprenticeship program because

of their age. Defendants deny the Commission's allegations.

        The Commission and Defendants ("the parties") desire to resolve this action without the

Case 1:02-cv-03192-MJG   Document 63   Filed 11/14/2005   Page 2 of 13

time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree that will promote and effectuate the purposes of the ADEA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADEA. Therefore, upon due consideration of the record herein and having been fully advised of the premises, it is hereby ORDERED, ADJUDGED, and DECREED:

### Scope of Decree

1. This Decree resolves all issues and discharges all claims in the Complaint filed by the Commission in this ADEA action, which emanated from the Charge of Discrimination herein, No. 120-A1-0375, or all issues and claims which could have been raised or made by the Commission in this litigation; including but not limited to

a) the claim set forth in Charge No. 120-A1-0375;

b) the claims of the 43 other persons named in Exhibit A attached to the Commission's complaint;

c) the claims of all persons who, at the time the complaint was filed, were "aggrieved individuals at least age 40 who had been discouraged from applying and/or refused admission into Defendants' unlicensed apprenticeship program because of their age;"

d) the claims of the persons whom the Commission named during discovery as persons on whose behalf the agency would seek relief;

e) the claims of all aggrieved individuals who, as of 300 days prior to the date this decree is entered, had allegedly been discriminated against by the Center or the Union on the basis of their age at a time when they were at least 40 years old and

f) the claims of all persons Defendants identified during discovery as seeking information

regarding. expressing an interest in, or applying to the unlicensed apprenticeship

program.

This discharge of claims is not contingent upon either the execution or efficacy of any Release

sought from individual claimants pursuant to the Monetary Relief section below.

2.  This Decree shall be in effect for a period of five years from the date that it is entered

by the Court.  During that time, this Court shall retain jurisdiction over this matter and the parties

for purposes of enforcing compliance with the Decree, including issuing such orders as may be

required to effectuate the purposes of the Decree.

3.  This Decree, being entered with the consent of EEOC and Defendants, shall not

constitute an adjudication or finding on the merits of the case or an admission by any party on

the facts or the law relating thereto.

<u>Monetary Relief</u>

4.  Defendants shall pay $625,000 to resolve this action.  The total shall be distributed to

Eligible Claimants as defined in Paragraph 5 below and whose names, current addresses and

amounts payable to each will be furnished by the Commission to Defendants within 90 calendar

days of the date of entry of the Consent Decree, provided, however, that payment to an Eligible

Claimant is conditioned upon (a) receipt of a fully executed and notarized Release, a copy of

which is appended as Attachment A, and (b) the expiration of the deadline for revocation of any

such Release.  All of the monetary relief paid to the Eligible Claimants pursuant to this Decree is

acknowledged to be compensation under the ADEA for amounts which claimants purportedly

would have earned from shipboard jobs if training opportunities for such work allegedly had not

been denied them by the Defendants.

5. "Eligible Claimants" are defined as those individuals who, within the discretion of the Commission, are entitled to a monetary recovery, the amount of which will be determined by the Commission.

6. Within one hundred eighty (180) days of the entry of this Decree, each Eligible Claimant will execute and deliver to EEOC a fully executed and notarized Release, a copy of which is appended hereto as Attachment A, which will have been mailed to each Eligible Claimant by EEOC. Within twenty (20) days after the expiration of this period for providing releases, EEOC shall forward the collected Releases to Defendants. Within twenty (20) days after the receipt of the collected Releases, Defendants shall mail a check to each Eligible Claimant from whom a fully executed and notarized Release has been obtained and which has not been revoked. The checks shall be mailed to the current address provided by the Commission for each Eligible Claimant, and Defendants will cause to be issued timely United States Internal Revenue Forms 1099 to all Eligible Claimants for all such payments. Within ten business days of payment to each Eligible Claimant, Defendants will submit a copy of each check and any related correspondence with the Eligible Claimants to the EEOC, Baltimore District Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201.

7. Defendants shall promptly notify the EEOC's Baltimore District Office in writing if any checks issued to Eligible Claimants are returned or are not cashed after a period of sixty calendar days has elapsed after being mailed. Defendants shall specifically identify the names of those Eligible Claimants whose checks are returned or not cashed, and EEOC will then arrange to have any returned check re-delivered or to have any outstanding check cashed by the Eligible

Claimant within 180 days from its original issuance. If at the end of that 180 day period, any checks still remain undelivered and/or uncashed, Defendants will have the checks voided and the total amount of the voided checks will be contributed to the Sailors' Snug Harbor Trust, P.O Box 99, Sea Level, N.C. 28577 for the care of retired mariners.

### Injunctive Relief

8. Defendants, their officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest hereby agree to comply with the ADEA and the Commission's regulation governing apprenticeship programs, 29 C.F.R. § 1625.21, and agree in this Decree to be enjoined, and are enjoined, from:

a) imposing any upper age limit in recruiting applicants for or admitting applicants to the apprenticeship program;

b) discriminating, on the basis of their age, against persons 40 or more years old who are inquiring about the program or applying to enter it;

c) discouraging, on the basis of their age, inquirers or applicants who are 40 or more years old from applying for or entering the program; or

d) discriminating, on the basis of their age, against persons 40 or more years old who are enrolled in the program.

9. Defendants agree that they will include, or continue to include, in all their written and electronic recruiting and admissions materials for the unlicensed apprenticeship program, a statement that the Center does not discriminate on the basis of age in recruiting applicants for or admitting them to the apprenticeship program. The statement does not have to be limited to age, and may include other bases for discrimination, such as race, national origin, sex and disability.

The statement will appear at least once, in a font size at least as large as the font size of the majority of the text, in each brochure or newsletter describing the program, in each application form for the program, and in each set of related web pages published by the Defendants describing the program.

10. Defendants will provide, within 90 days after this Decree is entered, no fewer than three hours of training in the federal laws prohibiting discrimination in employment (with a special focus on the prohibition on discrimination on the basis of age and the Center's obligations under paragraph 8 of this Decree) for all current managers and employees responsible for recruiting, screening, and/or admitting new apprentice program participants, and for all supervisors who oversee those employees. This training shall be conducted by an outside consultant or law firm approved by the EEOC, which approval shall not be unreasonably withheld, and which may include the law firms serving as defense counsel in this litigation. Within 15 business days of providing such a training session, Defendants will furnish the EEOC's counsel of record with a signed attendance list, the date and duration of the training, and a certification that Defendants have completed the mandatory training.

11. For the duration of the decree, the Defendants shall provide three hours of training to all newly hired managers and employees responsible for recruiting, screening and/or admitting new apprentice program participants, and to all newly hired supervisors who oversee those employees. Such training shall cover the same subjects as in paragraph 10, but need not be provided by an outside consultant, and may include videotape or other forms of recorded presentations. This training will be conducted within 90 days after the newly hired person begins working for the Center. Defendants will notify the EEOC of the training and of the name[s] of

the person[s] trained in the once yearly reports referenced in paragraph 13 below.

## Notice Posting

12.    Within ten days after entry of this Decree, Defendants will post the Notice attached hereto (Attachment B) in all places where notices to employees are customarily posted at its facilities.  The Notice shall be posted and maintained for the duration of the Decree and shall be signed by Paul Hall Center's Training Director, William Eglinton, and Seafarers International Union's Controller, Margaret Bowen, with the date of the actual posting shown thereon.  Should the Notice become defaced, marred, or otherwise made unreadable, Defendants will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified.  Within thirty days of entry of the Decree, Defendants shall forward to the EEOC's Baltimore District Office, a copy of the signed Notice and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

## Reporting

13.    Every 365 days following the entry of this Consent Decree, and continuing throughout the life of the Decree, Defendants will submit to the Commission's counsel of record (a) the names and dates of birth of each individual who submitted booklet applications to the unlicensed apprentice program and (b) the names and dates of birth of each individual who was admitted into the unlicensed apprentice program.

14.    The Commission and Defendants shall bear their own costs and attorneys' fees.

15.    In the event that the Commission believes that either Defendant has failed to comply with any provision(s) of this Decree, it shall notify the relevant party by fax and by overnight mail and afford the Defendant 45 business days after service of such notice to remedy the alleged

non-compliance before seeking judicial enforcement of this Decree.

16.  The undersigned counsel of record in the above-captioned action hereby consent, on

behalf of their respective clients, to the entry of the foregoing Consent Decree.


FOR DEFENDANTS:                              FOR PLAINTIFF:


Kathleen Pontone                             James L. Lee
Anthony W. Kraus                             Acting General Counsel
Counsel for Paul Hall Center for Maritime
Training & Education                         Gwendolyn Young Reams
MILES & STOCKBRIDGE PC                       Associate General Counsel
10 Light Street                              EQUAL EMPLOYMENT OPPORTUNITY
Baltimore, Maryland 21202-1487               COMMISSION
(410) 727-6464                               1801 L Street, N.W.
                                             Washington, D.C. 20547
                                             (202) 663-4900


Theresa M. Connolly                          Debra M. Lawrence
Counsel for Seafarers International Union     Supervisory Trial Attorney
DLA PIPER RUDNICK GRAY CARY US LLP           EQUAL EMPLOYMENT OPPORTUNITY
1775 Wiehle Avenue, Suite 400                COMMISSION
Reston, VA 20190                             Baltimore District Office
(703) 773- 4007                              10 S. Howard Street, 3d Floor
                                             Baltimore, MD 21201
                                             (410) 962-4349


                                             Maria Salacuse
                                             Trial Attorney
                                             EQUAL EMPLOYMENT OPPORTUNITY
                                             COMMISSION
                                             Baltimore District Office
                                             10 S. Howard Street, 3d Floor
                                             Baltimore, MD 21201
                                             (410) 962-4341

Gerald S. Kiel
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201
(410) 962-4207

**SO ORDERED.**

Signed and entered this **14** day of **November**, 2005.

_____ **/s/** _____
Marvin J. Garbis
United States District Court Judge